IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES KENDALL BREYLEY III,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                      20-cv-006-wmc

LT. RENTARIA, LARRY FUCHS,
DON STRAHOTA, CANDACE WARNER,
KARL HOFFMAN and ROSLYN HUNEKE,

                              Defendants.

*Pro se* plaintiff James Kendall Breyley III, a prisoner at New Lisbon Correctional Institution ("NLCI"), is proceeding in this lawsuit under 42 U.S.C. § 1983, on Eighth Amendment claims against defendants Lieutenant Rentaria, Larry Fuchs and Don Strahota for failing to protect him from another inmate's assault on December 24, 2016, and against defendants Candace Warner, Roslyn Huneke and Karl Hoffman, for refusing to provide needed medical treatment for the nose injury he sustained from the assault.  Now before the court is defendants' motion for summary judgment on the ground that Breyley failed to exhaust his administrative remedies as to all claims in this lawsuit.  (Dkt. #18.)  Since the undisputed evidence of record establishes that Breyley failed to follow the exhaustion procedures available to him, defendants are entitled to summary judgment and Breyley's claims in this lawsuit will be dismissed without prejudice.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  In other

words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory in order to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Under the regulations in place in 2016, Wisconsin prisoners were required to start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The regulations provided that the complaint "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(1)(e). Relevant here, once an inmate filed a complaint, the institution complaint examiner ("ICE") was required to assign the complaint a file number, classification code and date. *Id.* § 310.11(2). The ICE was further required to "review and acknowledge each complaint in writing within 5

working days after the date of receipt by the ICE." *Id.*

If the institution complaint examiner ("ICE") rejected a grievance for procedural reasons without addressing the merits, an inmate could appeal that rejection. *Id.* § 310.11(6). If the complaint was not rejected on procedural grounds, then the institution examiner was required to make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.11(6). The offender complaint was then to be decided by the appropriate reviewing authority, whose decision could be appealed by the inmate to a correctional complaint examiner ("corrections examiner") within "10 calendar days." *Id.* §§ 310.12, 310.13.[1] If appealed timely, then the corrections examiner must make a recommendation to the Secretary of the Department of Corrections, whose decision was final. *Id.* §§ 310.13, 310.14.

As noted, the events comprising Breyley's claims occurred on December 24, 2016. Breyley did not file an inmate complaint regarding the treatment of his nose, and he did not file *any* inmate complaint about the assault itself. Additionally, there is no record of any returned complaints related to Breyley's claims related to his nose injury. Instead, on February 1, 2017, the ICE's office received NLCI-2017-3851, in which Breyley alleged: "I was vi[sc]iously assaulted due to failure on NLCI to protect me, sent to the hole, told I would be given a ticket . . . , and submitted an[] inmate complaint on Mon 2Jan17 which was lost!" (Ex. 1001 (dkt. #20-2) 9.) Also in that complaint Breyley described five issues that he had raised in that inmate complaint and further stated that on February 1, 2017,

---

[1] "Upon good cause, the CCE may accept for review an appeal filed later than 10 days after receipt of the decision." Wis. Admin. Code § DOC 310.13(2).

he spoke with an ICE, Ms. Fredlund, about the inmate complaint, and she told him it was never received and that he should resubmit the inmate complaint.  (*Id.*)

On February 22, 2017, the ICE rejected NLCI-2017-3851 for two reasons.  *First*, the ICE concluded that the inmate complaint was untimely, explaining that the sergeant and officers scheduled to work in the Restrictive Housing Unit ("RHU") on February 2 confirmed that the complaint submission process was being followed on Breyley's unit that day.  Specifically, to submit inmate complaints, inmates turned over inmate complaints to officers, who then placed the inmate complaints in a locked mailbox on the medication cart while standing by the inmate's door.  Then the ICE would pick up the complaints directly from the locked mailbox.   The ICE handling Breyley's inmate complaint determined that because the staff members verified that a complaint submitted on February 2 would have been processed that day, there was "no evidence to support [] Breyley's assertion his complaint was lost," so his complaint was untimely.  *Id.  Second*, the ICE rejected NLCI-2017-3851 because Breyley raised five specific complaints and did not clearly identify the one issue he wanted resolved through the inmate complaint.  Breyley timely appealed the rejection of the complaint to the reviewing authority, who determined that the complaint was appropriately rejected.

Defendants seek summary judgment because NLCI-2017-3851 did not serve to exhaust his claims in this lawsuit.  Although Breyley disagrees, asserting that this inmate complaint shows that he exhausted all administrative remedies available to him, the undisputed record establishes his failure to exhaust.

As an initial matter, Breyley did not exhaust his administrative remedies by appealing the rejection of NLCI-2017-3851.   On the contrary, a properly rejected complaint or appeal cannot exhaust an inmate's administrative remedies.  *Webb v. Bender*, 717 F. App'x 642, 644 (7th Cir. 2018) ("We must respect the prison's proper invocation of its procedural rules, including the time limits for filing a grievance."); *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("Failure to comply with administrative deadlines dooms the claim except where the institution treats the filing as timely and resolves it on the merits.").  Although Breyley cites to *Conyers* to support his position that the appeal of the rejection satisfied the exhaustion requirements, that principle from *Conyers* is of no help to him:  his inmate complaint was *not* resolved on the merits, and instead explicitly rejected for two procedural deficiencies.

Furthermore, Breyley's allegations about his lost January 2 complaint does not suggest that the ICE's finding as to timeliness was incorrect, nor does this evidence create a genuine factual dispute about whether prison officials prevented him from following the exhaustion procedures.   *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (administrative remedies become "unavailable" to prisoners when prison officials fail to respond to a properly filed grievance).  In *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019), the Court of Appeals for the Seventh Circuit held that a prisoner cannot show exhaustion by claiming that he filed an inmate complaint that vanished, since the existing procedures provided that Lockett should have received a receipt of his appeal, and Lockett failed to inquire into why he had not received that receipt.  *Id.* at 1027.  Moreover, the court held

that, after failing to make that inquiry, Lockett could not "counter evidence that the prison did not receive his administrative appeal with a bald assertion of timely filing." *Id.*

This outcome controls despite Breyley's representations in NLCI-2017-3851. Under Wis. Admin. Code § DOC 310.11(2), if Breyley had submitted an inmate complaint on January 2, Breyley should have received an acknowledgement of receipt from the ICE within five working days of that date.  Not only did Breyley fail to follow up on or around January 7 when he did not receive an acknowledgement, he made *no* inquiries through the ICRS as to the state of his inmate complaint.  Instead, Breyley claims that on February 1 he asked ICE Fredlund about his January 2 inmate complaint, and her response prompted him to file the inmate complaint.  Yet this interaction occurred over three weeks after Breyley would have known that his inmate complaint had not been received or acknowledged by the ICE.  Breyley does not detail *any* efforts that he took between January 7 and February 1 to communicate with the ICE or any other prison officials as to the status of his inmate complaint.  Therefore, the procedural dismissal for untimeliness was valid, and Breyley's assertion does not create a genuine dispute of fact as to whether he exhausted all administrative remedies available to him.  In any event, Breyley has failed to address the alternative basis for the ICE's rejection:  he listed five different complaints related to his assault, and the ICE rejected it for failing to comply with Wis. Admin. Code § DOC 310.09(1)(e), as well as for being untimely.  This was a valid and independent reason for the ICE to reject NLCI-2017-3851, which Breyley does not contest.

Accordingly, defendants have proven Breyley's non-exhaustion as to his claims in this lawsuit, which must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395,

401 (7th Cir. 2004).  The court, however, understands that this dismissal will function as one with prejudice, since it would be too late for Breyley to exhaust his claims in this lawsuit now.  *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) ("Dismissal for failure to exhaust is without prejudice and so does not bar reinstatement of the suit unless it is too late to exhaust.") (citations omitted).

ORDER

IT IS ORDERED that:

1) Defendants' motion for summary judgment (dkt. #18) is GRANTED, and Breyley's claims in this lawsuit are DISMISSED WITHOUT PREJUDICE.

2) Plaintiff's notification about a need for an extension (dkt. #17) is DENIED as moot.

3) The clerk of court is directed to enter judgment and close this case.

Entered this 13th day of April, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge